UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A WILSON,

    Plaintiff,

    v.

ELKHART COUNTY CIRCUIT COURT,

    Defendant.

Case No. 3:22-CV-14 JD

**OPINION AND ORDER**

Michael Wilson, who is proceeding pro se, filed a claim against the Elkhart County Circuit Court. (DE 1.) Mr. Wilson alleges that a judge on the circuit court, in a previous case, violated his due process rights by not following proper procedure. According to Mr. Wilson, the judge failed to allow the other party to respond to a motion made by Mr. Wilson before denying said motion. The motion at issue requested that a prior final judgment be dismissed. (DE 1-1.) Mr. Wilson has also moved for leave to proceed *in forma pauperis*, meaning without paying the filing fee. (DE 2.) Mr. Wilson is financially eligible to proceed *in forma pauperis*,[1] but the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that the complaint "seeks monetary relief against a defendant who is immune from such relief."

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983. However, § 1983 has limits on the people or entities that may be sued. The Elkhart

---

[1] Mr. Wilson represents in his Motion to Proceed In Forma Pauperis that he makes $1,201.00 per month, or $14,412.00 per year. (DE 2.) This is lower than 150% of the annual poverty guideline for a one-person family unit, which is $19,320.00. *See HHS Annual Poverty Guidelines for 2021*, http://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf. Accordingly, Mr. Wilson is financially eligible to proceed.

Circuit Court cannot be sued under § 1983. In Indiana, circuit courts are "a division of the State of Indiana, so [plaintiff's] suit is one against Indiana itself." *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *see* IND. CONST. art. 7 § 1 ("The Judicial power of the State shall be vested in a Supreme Court, in Circuit Courts, and in such inferior Courts as the General Assembly may establish."). Therefore, the Elkhart County Circuit Court is acting on behalf of the state when ruling on motions in civil cases, and there are strict limits to when a state may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There is no state statute allowing the circuit court to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Even if Mr. Wilson amended his motion and named the Elkhart County Circuit Court judge as the defendant, a judge cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*

2

*v. Sparkman*, 435 U.S. 349, 359 (1978). A Circuit Court in Indiana has "original and concurrent jurisdiction in all civil cases," IC 33-28-1-2, and a Circuit Court Judge may "make all proper judgments" in conformity with Indiana Laws and Constitution of the State of Indiana. IC 33-28-1-5. Additionally, the Supreme Court of Indiana has previously written that "any of [the Circuit Court's acts] after judgment implicate not its jurisdiction, but rather court rules and judicial doctrines that safeguard the finality of judgments," which is a question of "procedural error, not jurisdiction." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 458 (Ind. 2012); *see also Da Vang v. Hoover*, 478 F. App'x 326, 327 (7th Cir. 2012) (holding that even though a judge may have "arguably exceeded his authority," the judge still retained jurisdiction under Wisconsin law and was therefore immune from suit). Accordingly, the Court believes that any amendment by Mr. Wilson would be futile.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED.

ENTERED: January 7, 2022

                                                  /s/ JON E. DEGUILIO  
                                                  Chief Judge  
                                                  United States District Court